LINDA WENDELL HSU (SBN 162971)
lhsu@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Defendant
MIDWEST EMPLOYERS CASUALTY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; EMPLOYERS REINSURANCE CORPORATION; WESTPORT INSURANCE CORPORATION; MIDWEST EMPLOYERS CASUALTY COMPANY and DOES 1 through 50, et al., ,<br><br>Defendants. | Case No. 3:20-cv-04468-EMC<br><br>MIDWEST EMPLOYERS CASUALTY COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT<br><br>Date:     August 20, 2020<br>Time:     2:00 p.m.<br>Judge:    Edward M. Chen<br>Ctrm.:    5<br><br>Removal Filed:    June 6, 2020 |

In accordance with Federal Rule of Evidence 201, Defendant Midwest Employers Casualty Company ("Midwest") respectfully requests that this Court, in consideration of Midwest's Motion to Dismiss San Francisco Bay Area Rapid Transit District's ("BART) Complaint, take judicial notice of the information contained in the exhibits attached hereto.

1. Exhibits 1 - 2 are true and correct copies of Workers' Compensation Appeals Board ("WCAB") filings from the matter *Gonsolin v. Bay Area Rapid Transit,* Case No. SFO 499837:

- Exhibit 1: Partial Order Approving Compromise and Release With Open Medical Award filed December 18, 2007.  The document attached as an exhibit hereto is a

1

true and correct copy of the document filed as ECF No. 34-27 in the *BART v. Gen Re* matter on April 13, 2015.

- Exhibit 2: Minutes of Hearing filed December 13, 2007. The document attached as an exhibit hereto is a true and correct copy of the document filed as ECF No. 34-28 in the *BART v. Gen Re* matter on April 13, 2015.

Courts may take judicial notice of WCAB decisions. Proper subjects of judicial notice include "records of administrative agencies." *Minor v. Fedex Office & Print Servs., Inc.*, 182 F.Supp.3d 966, 974 (citing *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008)). The Northern District of California has specifically allowed for judicial notice of WCAB claim files, including a Compromise and Release and an Order Approving Compromise and Release issued by the WCAB. *Willis v. Baziak*, No. C 97-3031 SI, 1998 WL 118183, at *1 (N. D. Cal. Feb. 25, 1998).

2. Exhibits 3 - 5 are true and correct copies of expert reports, opinion letters, and deposition testimony transcripts that were incorporated by reference in BART's Complaint:

- Exhibit 3: Deposition of Revels M. Cayton, M.D., taken August 23, 2007 in Matter No. SFO 0499837, OAK 0305457 before the WCAB. The document attached as an exhibit hereto is a true and correct copy of the document filed as ECF No. 34-15 in the *BART v. Gen Re* matter on April 13, 2015. This document is incorporated by reference in BART's Complaint at ¶ 17, ln. 10-14.

- Exhibit 4: December 6, 2007 Letter from Revels M. Cayton M.D. regarding the latency period for Mr. Gonselin's myeloma. The document attached as an exhibit hereto is a true and correct copy of the document filed as ECF No. 34-26 in the *BART v. Gen Re* matter on April 13, 2015. This document is incorporated by reference in BART's Complaint at ¶ 18, ln.16-18.

- Exhibit 5: Rule 26 Report of Nachman Brautbar, M.D. dated November 2, 2015. This document is incorporated by reference in BART's Complaint at ¶ 22, ln. 12-14.

Courts may consider documents that were necessarily relied on by the plaintiff in the complaint. The Ninth Circuit allows for the consideration of material beyond the pleadings in ruling on a Rule 12(b)(6) motion if that information is attached to the complaint, or if it is not attached to the complaint but the complaint "necessarily relies" on the information. *United States v. Corinthian Colleges*, 665 F.3d 984, 998-99 (9th Cir. 2011). Such information can be considered if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* A court is "permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). A complaint "necessarily relies on a piece of evidence when the piece of evidence itself is indispensable to a claim in the complaint." *Estate of Smith by Smith v. City of San Diego*, 2018 WL 3706842, at *3 (S.D. Cal. 2018) (citing *Sams*, 713 F.3d at 1178-79). The Ninth Circuit has taken judicial notice of expert reports when those reports were filed in prior litigation. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

      3. Exhibits 6 - 9 are true and correct copies of documents filed in the case *San Francisco Bay Area Rapid Transit District v. General Reinsurance Corporation*, Northern District of California Case No. 3:14-CV-01866 JSC:

- Exhibit 6 : Complaint for Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing; Declaratory Relief, filed by BART ECF No. 1-1, filed April 23, 2014.
- Exhibit 7: General Reinsurance Corporation's Answer to Complaint and Counterclaim for (1) Declaratory Relief, (2) Breach of Contract, (3) Accounting & Reimbursement, filed by Gen Re, ECF No. 4, filed May 5, 2014.
- Exhibit 8: BART Brief on Date of Injury and Insurance Coverage for the Claim, filed by BART, ECF. No. 35, filed April 16, 2015.
- Exhibit 9: Opinion Re: Phase One Bench Trial, ECF No. 43, filed June 24, 2015.

MECC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMSS COMPLAINT
3:20-cv-04468-EMC

1897 37313 4820-0589-0242 .v1

1  Courts may take judicial notice of pleadings, orders, and other papers contained in the court files
2  of another action. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir.
3  1987).

4      4. Exhibit 10 is a true and correct copy of the Ninth Circuit's Memorandum Opinion in
5  *San Francisco Bay Area Rapid Transit District v. General Reinsurance Corporation*, Case No.
6  16-15406 arising out of the Northern District of California action of the same name described in
7  paragraph 3 above.

9  DATED:  July 13, 2020        SELMAN BREITMAN LLP

12          By: */s/ Linda Wendell Hsu*
           LINDA WENDELL HSU
13          Attorneys for Defendant
        MIDWEST EMPLOYERS CASUALTY
14          COMPANY

1897 37313 4820-0589-0242 .v1