STEPHEN M. HAYES (SBN 83583)
RYAN Z. KELLER (SBN 249193)
DARA M. TANG (SBN 231413)
HAYES SCOTT BONINO & ELLINGSON
GUSLANI SIMONSON & CLAUSE, LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone: (650) 637-9100
Facsimile: (650) 637-8071

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; EMPLOYERS REINSURANCE CORPORATION; WESTPORT INSURANCE CORPORATION; MIDWEST EMPLOYERS CASUALTY COMPANY and DOES 1 through 50, et al.,<br><br>Defendants. | CASE NO.: 3:20-cv-04468-EMC<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S FIRST AMENDED ANSWER TO COMPLAINT**<br><br>**Judge: Edward M. Chen** |
|---|---|

## **ANSWER TO COMPLAINT**

Defendant National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "NUFIC"), in answer to the Complaint of plaintiff herein, herewith denies each and every, all and singular, the allegations of the unverified Complaint on file herein and to each and every cause of action contained therein, admits, denies and alleges as follows:

**GENERAL ALLEGATIONS**

1.   Answering the allegations of plaintiff's paragraph 1, this answering defendant lacks sufficient information to admit or deny such allegations.

2.   Answering the allegations of plaintiff's paragraph 2, this answering defendant admits said allegations.

3.   Answering the allegations of plaintiff's paragraph 3, this answering defendant lacks sufficient information to admit or deny such allegations.

4.   Answering the allegations of plaintiff's paragraph 4, this answering defendant lacks sufficient information to admit or deny such allegations.

5.   Answering the allegations of plaintiff's paragraph 5, this answering defendant states the allegations appear to be merely descriptive of Plaintiff's claim; however to the extent that it can be construed to assert liability or wrongdoing on the part of this answering defendant, it denies the allegations contained therein.

6.   Answering the allegations of plaintiff's paragraph 6, this answering defendant denies said allegations.

7.   Answering the allegations of paragraph 7, this answering defendant admits that it issued the following Excess Worker's Compensation and Employers Liability Policies to named insured BART, but denies the remainder of the allegations:

- 415-35-60 (7/1/1992 -7/1/1993)
- 415-42-69 (7/1/1993-7/1/1994)
- 415-43-36 (7/1/1994-7/1/1995)
- 415-53-22 (7/1/1995-7/1/1996)
- 415-75-68 (7/1/1996-7/1/1997)
- 415-76-20 (7/1/1997-7/1/1998)
- 415-76-44 (7/1/1998-7/1/1999)
- 415-86-86  (7/1/99-7/1/00)
- 415-87-07  (7/1/00-7/1/01)

8.   Answering the allegations of paragraph 8, this answering defendant admits that the policies speak for themselves and denies the remainder of the allegations.

9.   Answering the allegations of paragraphs 9, this answering defendant lacks sufficient information to admit or deny.

10. Answering the allegations of paragraphs 10, this answering defendant lacks sufficient information to admit or deny.

11. Answering the allegations of paragraphs 11, this answering defendant lacks sufficient information to admit or deny.

12. Answering the allegations of paragraphs 12, this answering defendant lacks sufficient information to admit or deny.

13. Answering the allegations of paragraph 13, this answering defendant admits that Michael Gonsolin was employed by BART as a police officer, but lacks sufficient information to admit or deny the remainder of the allegations.

14. Answering the allegations of paragraph 14, this answering defendant admits that in 2005, Gonsolin retired from BART, but lacks sufficient information to admit or deny the remainder of the allegations.

15. Answering the allegations of paragraph 15, this answering defendant admits that Gonsolin was diagnosed with multiple myeloma, but lacks sufficient information to admit or deny the remainder of the allegations.

16. Answering the allegations of paragraph 16, this answering defendant admits that Gonsolin filed an Application for Adjudication of Claim with the California Worker's Compensation Appeals Board, but lacks sufficient information to admit or deny the remainder of the allegations.

17. Answering the allegations of paragraph 17, this answering defendant admits that BART defended Gonsolin's workers compensation claim with the Workers Compensation Appeals Board, that Dr. Revels M. Cayton was the Agreed Medical Examiner, and that Dr. Cayton's deposition speaks for itself, but lacks sufficient information to admit or deny the remainder of the allegations.

18. Answering the allegations of paragraph 18, this answering defendant admits that Gonsolin and BART stipulated to a CT claim with a date of injury from 11/1/90 – 10/31/91, that the WCAB judge independently reviewed the medical record and determined that the settlement was adequate, and that Gonsolin and BART entered into a settlement of the claim, which was approved by the WCAB on 12/14/2007, but lacks sufficient information to admit or deny the remainder of the allegations.

19. Answering the allegations of paragraph 19, this answering defendant lacks sufficient information to admit or deny.

20. Answering the allegations of paragraph 20, this answering defendant lacks sufficient information to admit or deny.

21. Answering the allegations of paragraph 21, this answering defendant admits that an action was filed by BART against Gen Re in Alameda County Superior Court, case number RG14711423, and that the case was removed to Federal District Court, case number 3:14-CV-01866-JSC. This answering defendant further admits that on June 24, 2015, the District Court issued its "Opinion Re: Phase One Bench Trial" and further admits that the June 24, 2015 order speaks for itself. This answering defendant lacks sufficient information to admit or deny the remaining allegations.

22. Answering the allegations of paragraph 22, this answering defendant admits that from the court docket for BART v. Gen Re, case number 3:14-CV-07866-JSC, BART and Gen Re each retained medical experts, but lacks sufficient information to admit or deny the remaining allegations.

23. Answering the allegations of paragraphs 23, this answering defendant admits said allegations.

24. Answering the allegations of paragraphs 24, this answering defendant denies said allegations.

25. Answering the allegations of paragraphs 25, this answering defendant lacks sufficient information to admit or deny.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

26. This answering defendant repeats and realleges the allegations in paragraphs 1-25 as if fully set forth herein.

27. Answering the allegations of paragraphs 27, this answering defendant denies said allegations.

28. Answering the allegations of paragraphs 28, this answering defendant denies said allegations.

29. Answering the allegations of paragraphs 28, this answering defendant admits that it reserved its rights under the subject policies, but denies the remainder of the allegations.

30. Answering the allegations of paragraphs 30, this answering defendant denies said allegations.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

31. This answering defendant repeats and realleges the allegations in paragraphs 1-30 as if fully set forth herein.

32. Answering the allegations of paragraphs 32, this answering defendant admits plaintiff is seeking declaratory judgment as set forth therein.  Except as admitted, this answering defendant denies said allegations.

33. Answering the allegations of paragraphs 33, this answering defendant admits plaintiff is seeking declaratory judgment as set forth therein.  Except as admitted, this answering defendant denies said allegations.

34. Answering the allegations of paragraphs 34, this answering defendant admits plaintiff is seeking declaratory judgment as set forth therein.  Except as admitted, this answering defendant denies said allegations.

## NUFIC'S AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said Complaint fails to state facts sufficient to constitute a case of action against this answering defendant.

AS A SECOND, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the Excess Worker's Compensation and Employers Liability Policies at issue are subject to insuring agreements and various terms, definitions, exclusions, conditions, limitations, provisions and endorsements.  This answering defendant alleges that its liability to plaintiff, if any, is subject to these as interpreted by California law and they preclude or limit

coverage for the claims asserted and the damages alleged in the Complaint, which includes but is not limited to the following defenses: (1) the insuring agreements were not satisfied (including the causation and policy period requirements for bodily injury by disease); (2) the plaintiff failed to timely provide notice of the claim and/or suit to this answering defendant which caused this answering defendant substantial and actual prejudice; (3) coverage was limited or barred by one or more exclusions, policy limits, conditions, deductibles, or self-insured retentions (including but not limited to the "voluntary payments"/"voluntary settlements" and "no action" clauses and the lack of written consent obtained by plaintiff before making a voluntary settlement); (4) the date of injury did not fall within this defendant's policy period; (5) the definition of "ultimate net loss" was not satisfied in whole or in part; and (6) this answering defendant does not owe any fees, expenses, costs, or other amounts incurred or agreed to pre-tender.

AS A THIRD, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has waived and is estopped and barred from alleging the matters set forth in the Complaint.

AS A FOURTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the Complaint herein, plaintiff failed to mitigate the amount of its damages. The damages claimed by plaintiff could have been mitigated by due diligence on its part or by one acting under similar circumstances. The plaintiff's failure to mitigate is a bar to its recovery under the Complaint.

AS A FIFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiff were either wholly or in part caused by plaintiff or persons, firms, corporations or entities other than this answering defendant, and whose acts or omissions are imputed to plaintiff as a matter of law.

AS A SIXTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

alleges that at all times and places mentioned in the Complaint herein, plaintiff failed to perform certain conditions precedent that were imposed upon the plaintiff by contract. The non-performance of said conditions excused defendant's obligations under the contract.

AS AN SEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff cannot assert any contractual claims set forth in the Complaint because plaintiff prevented performance of said contract.

AS A EIGHTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff cannot assert any contractual claims set forth in the Complaint because plaintiff materially breached said contract.

AS A NINTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the alleged causes of action set forth in the Complaint are, and each of them is, barred by the applicable statute of limitations, including but not limited to Code of Civil Procedure sections 335, 337, 338, 339 and 340 and Labor Code section 5500.5

AS A TENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff cannot assert the claims set forth in the Complaint based on the doctrines of laches, unclean hands, res judicata, collateral estoppel, and/or judicial estoppel.

AS AN ELEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's claims against this answering defendant are barred, in whole or in part, to the extent this answering defendant may be entitled to contribution, set off, indemnification, apportionment, or other relief from any other insurer.

AS A TWELFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's claims against this answering defendant are barred, in whole or in

part, to the extent that other valid and collectable insurance is available to cover losses also covered by this answering defendant's policy or policies, which coverage is specifically denied.

AS A THIRTEENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that to the extent there is coverage under defendant's policy(ies), plaintiff has still failed to meet its self-insured retention(s), including but not limited to the fact that multiple retentions apply due to horizontal exhaustion.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff takes nothing by its Complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems proper.

Dated:  September 14, 2021         HAYES SCOTT BONINO ELLINGSON
                                   GUSLANI SIMONSON & CLAUSE, LLP


                                   By:  /s/ Ryan Z. Keller
                                        STEPHEN M. HAYES
                                        RYAN Z. KELLER
                                        DARA M. TANG
                                        Attorneys for Defendant
                                        NATIONAL UNION FIRE INSURANCE
                                        COMPANY OF PITTSBURGH, PA